**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4687**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

LUIS CENOBIO BARRERA, a/k/a Daniel Munguia Casanova, a/k/a Felipe Molina Garcia,

 Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:18-cr-00268-HMH-1)

Submitted: March 29, 2019                           Decided: April 10, 2019

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Cenobio Barrera pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). After calculating Barrera's Sentencing Guidelines range to be 21 to 27 months' imprisonment, the district court varied upward and sentenced Barrera to 108 months' imprisonment and 3 years' supervised release. On appeal, Barrera asserts that the sentence is substantively unreasonable because the district court significantly overstated Barrera's criminal history and the sentence improperly relied on one sentencing factor—Barrera's dangerousness—under 18 U.S.C. § 3553(a) (2012). We affirm.

Prior to sentencing, Barrera had an opportunity to review the presentence report with his attorney, and no objections were filed concerning the PSR's contents. At the sentencing hearing, both Barrera and his counsel reiterated that they had no objections to any information contained in the PSR. The district court concluded that Barrera had a total offense level of 12 and a criminal history category of IV, *see* U.S. Sentencing Guidelines Manual § 2K2.1(a)(6) (2016), and that Barrera's Guidelines range was 21 to 27 months' imprisonment, *see* USSG ch. 5, pt. A (sentencing table). Barrera requested a sentence at the low end of the Guidelines range.

The district court discussed Barrera's criminal history, including the violent nature of some of his past crimes, and the fact that some of his crimes have involved firearms. The district court noted that, as to the current offense, Barrera fled when approached by officers, that he had been in possession of an AK-47-style rifle, and that a verbal altercation at a public place involving a handgun had started the investigation that led to

2

his apprehension. Taking these facts into account, the district court concluded that Barrera, a twice-removed Mexican citizen, "continues to enter this country and commit serious crimes. He is an extremely dangerous person. Studying his background and the relevant factors to this matter, the Court finds that he is a danger to the community." (J.A. 66).[1] The district court stated that it had considered the factors under 18 U.S.C. § 3553(a), that it found Barrera to be exceedingly dangerous, that this was an "overriding factor," and that the district court would impose a variant sentence to protect the community from Barrera. It then announced a sentence of 108 months' imprisonment, consecutive to any other sentence, and 3 years' supervised release.

On appeal, Barrera challenges only the substantive reasonableness of his sentence.[2] We review a sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). To be substantively reasonable, the selected sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). When varying from the Guidelines, "the district court must give serious consideration to the extent of the departure or variance,

---

[1] "J.A." refers to the joint appendix submitted by the parties.

[2] Although Barrera identifies a few factual inconsistencies in the PSR and asserts that these supported the district court's variance sentence, he did not challenge these inconsistencies in the district court, where they could have been easily untangled, and does not now challenge the procedural reasonableness of his sentence. To the extent that Barrera suggests that these inconsistencies affected the district court's choice of sentence, the record does not support such a claim.

3

and must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011) (internal quotation marks omitted). However, a district court is not required to "justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." *Id.* at 366 (internal quotation marks omitted). "We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted).

Although the district court varied upward from Barrera's Guidelines range by 81 months, the sentence was not unreasonable. The district court properly noted that it was considering all § 3553(a) factors, and its statements display its concern for the nature and circumstances of the offense and Barrera's history and characteristics, as well as the need for the sentence to reflect the seriousness of the offense and provide a just punishment. § 18 U.S.C. § 3553(a)(1), (2)(A). The court further indicated that Barrera's dangerous criminal tendencies justified a significant upward variance. In light of Barrera's criminal history involving firearms, including the offense of conviction, and his history of illegally returning to the United States after being removed, we cannot conclude that the district court abused its discretion in varying upward as it did.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

*AFFIRMED*

4